**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>PRINCETON ALTERNATIVE INCOME FUND, LP, et al.,<br><br>Debtors-In-Possession. | Civil Action No. 18-9894 (MAS)<br><br>**MEMORANDUM OPINION** |
| MICROBILT CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY B. ANDERSON, et al.,<br><br>Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Timothy B.[1] Anderson and Dinsmore & Shohl, LLP's (collectively, "Defendants") Motion to Withdraw Reference of Adversary Proceeding. (ECF No. 1.) Plaintiffs MicroBilt Corporation, MicroBilt Financial Services Corporation, Princeton Alternative Funding, LLC ("PAF"), Princeton Alternative Income Fund, LP ("PAIF"), and Rosebud Management, LLC (collectively "Plaintiffs") opposed (ECF No. 5), and Defendants replied (ECF No. 6). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons

---

[1] The Court notes the Bankruptcy Court caption reflects a Timothy D. Anderson. *See Microbilt Corp., et al. v. Anderson, et al.*, No. 18-1224.

stated below, Defendants' Motion to Withdraw Reference is denied without prejudice.

I. **Background**

On September 26, 2017, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Mercer County, Law Division ("State Court"), alleging breach of fiduciary duty and breach of the duty of loyalty, among other related claims, arising out of Timothy Anderson's alleged representation of Plaintiffs and later performing "the same or similar transactions" for Plaintiffs' competitors. (Pls.' Opp'n 2-3, ECF No. 5; Ex. A 6, ECF No. 1; Molloy Cert. ¶ 4, ECF No. 1.) The Complaint contained a jury demand. (Ex. A 6.) On March 9, 2018, PAIF and PAF (collectively, "Debtor Plaintiffs") filed separate voluntary petitions for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey ("the Bankruptcy Court"). *In re PAIF*, No. 18-14603; *In re PAF*, No. 18-14600. On May 4, 2018, Plaintiffs filed a Notice of Removal, and the State Court matter was removed to the Bankruptcy Court as an Adversary Proceeding. *MicroBilt Corp., et al. v. Anderson, et al.*, No. 18-1224. On May 25, 2018, Defendants filed the instant Motion to Withdraw Reference, requesting that the Court enter an order removing the proceeding from Bankruptcy Court to the District of New Jersey. (Notice of Mot. 2, ECF No. 1.)

II. **Discussion**

Under 28 U.S.C. § 157(b)(1), "[b]ankruptcy judges may hear and determine all cases under [T]itle 11 and all core proceedings arising under [T]itle 11, or arising in a case under [T]itle 11." A core proceeding "invokes a substantive right provided by [T]itle 11 or . . . by its nature, could arise only in the context of a bankruptcy case." *Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir. 1990) (citation omitted). Under 28 U.S.C. § 157(c)(1), "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to the case under [T]itle 11."

2

"[I]n non-core proceedings[,] 'the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court for de novo review and the entry of final judgment.'"[2] *Doctors Assocs. v. Desai*, No. 10-575, 2010 WL 3326726, at *3 (D.N.J. Aug. 23, 2010) (quoting *In re E. W. Trade Partners, Inc. v. Sobel WP, LLC*, No. 06-01812, 2007 WL 1213393, at *3 (D.N.J. Apr. 27, 2007); *see also Stern*, 131 S. Ct. at 2604.

As a preliminary matter, the Court notes the parties agree the Adversary Proceeding is a non-core proceeding.[3] (Defs.' Moving Br. 10, ECF No. 1; Pls.' Opp'n Br. 3, ECF No. 5.) That fact alone, however, is not dispositive; rather, it "is a threshold factor in determining permissive withdrawal." *In re E. W. Trade Partners, Inc.*, 2007 WL 1213393, at *3 (citation omitted); *see also* 28 U.S.C. § 157(c)(1).

As set forth in 28 U.S.C. § 157(d), the standard for permissive withdrawal provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Although the statute does not define "cause shown," the Third Circuit has provided the following factors for consideration: (1) "promoting uniformity in bankruptcy administration"; (2) "reducing forum shopping and confusion"; (3) "fostering the economical use of the debtors' and creditors' resources"; and

---

[2] 28 U.S.C. § 157(e) permits a bankruptcy court to conduct a jury trial with the "express consent of all the parties." Defendants, however, have withheld consent. (Molloy Cert. ¶ 16.) Defendants also do not consent to the Bankruptcy Court entering final judgment. *See Stern v. Marshall*, 131 S. Ct. 2594, 2604 (2011). (*Id.*)

[3] Defendants argue the Adversary Proceeding is unrelated to the bankruptcy actions. Their argument, however, appears to conflate "related to" subject matter jurisdiction with an analysis of non-core claims. Upon careful review, the Court construes Defendants' statements as assertions that the Adversary Proceeding is a non-core proceeding. (*See e.g.* Defs.' Reply Br. 3-4, ECF No. 6.) Because the parties agree the Adversary Proceeding is non-core, the Court need not conduct a core versus non-core analysis. Moreover, the Court typically declines such invitations, instead finding it appropriate to allow the bankruptcy court to make that determination in the first instance. *See* e.g., *In re Kara Homes, Inc.*, No. 09-1775, 2009 WL 2223035, at *2 (D.N.J. July 22, 2009).

3

(4) "expediting the bankruptcy process."[4] *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990) (citation omitted).

Here, the Court finds Defendants failed to satisfy their burden in demonstrating cause to withdraw the referral. *See In re Glob. Printing Equip. Inc.*, No. 10-826, 2010 WL 3515586, at *1 (D.N.J. Aug. 31, 2010) (citation omitted) ("The movant bears the burden of demonstrating cause for withdrawing the referral to the bankruptcy court."). Defendants merely recite the *Pruitt* factors without providing supporting arguments. Instead, they essentially rearticulate the same argument for each factor—that granting their Motion to Withdraw Reference will promote judicial economy because the Court is required to review the Bankruptcy Court's factual findings and legal conclusions de novo.

Defendants' argument is not persuasive. As other courts in this district have found, duplication of judicial effort is insufficient to demonstrate cause because "Congress contemplated the district court will have the benefit of the bankruptcy judge's findings of fact and conclusions of law with respect to matters over which the bankruptcy court could not enter final judgments." *In re Oneida Motor Freight, Inc.*, No. 87-4824, 1988 LEXIS 16714, at *23-24 (D.N.J. Jan. 22, 1988); *see also GE Capital Corp. v. Teo*, No. 01-1686, 2001 WL 1715777, at *12 (Dec. 14, 2001) (citation omitted) ("[P]roceedings should not be withdrawn for the sole reason that they are non-core."). Defendants' arguments also fail to address how withdrawing the reference will "promot[e] uniformity in bankruptcy administration,"[5] "foster[] the economical use of the debtors' and

---

[4] Courts also consider whether the motion to withdraw the reference is timely. *See e.g., Doctors Assocs.*, 2010 WL 3326726, at *15. Here, Defendants timely filed the Motion as the Adversary Proceeding is in its initial stages, and the Bankruptcy Court has not yet conducted discovery.

[5] The Court further rejects Defendants' superficial contention that "allowing final orders and judgments on all State Law Claims to originate from the District Court and be subject to the same standard of review" promotes uniformity in the Bankruptcy Proceeding's administration because

4

creditors' resources," and "reduc[e] forum shopping and confusion." *In re Pruitt*, 910 F.2d at 1168.

Moreover, Defendants' argument that the Court should grant their motion because Plaintiffs seek a jury trial is also not persuasive. The Court acknowledges that "a bankruptcy court cannot conduct a jury trial in a non-core proceeding." *Beard*, 914 F.2d at 443. "Assertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court, [however,] is not of itself sufficient cause for [permissive] withdrawal." *Official Comm. of Unsecured Creditors v. Fed. Indus. Prods.*, No. 06-661, 2007 WL 211179, at *5 (D. Del. Jan. 26, 2007). That a district court will ultimately preside over the jury trial is insufficient to demonstrate cause because "there is no reason why the Bankruptcy Court may not preside over [the] [A]dversary [P]roceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial." *Youngman v. Hoffman*, No. 09-4330, 2009 WL 3260639, at *1 (D.N.J. Oct. 9, 2009) (citation omitted). The Court, accordingly, finds Defendants filed the instant motion prematurely, and instead finds the more prudent course is for the Bankruptcy Court to preside over the Adversary Proceeding until such time as the case is ready for trial.

Because Defendants fail to satisfy their burden in establishing cause to withdraw the bankruptcy referral, their Motion to Withdraw Reference is denied without prejudice. Defendants may file a renewed motion if or when a jury trial becomes necessary.

---

Defendants fail to support their assertion with any substantive analysis or relevant case law. (*See* Defs.' Moving Br. 11-12.)

5

For the reasons set forth above, Defendants' Motion to Withdraw the Reference is **DENIED WITHOUT PREJUDICE.** The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**